IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSE A. CALIX CHAVARRIA,** | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-05-0500 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **PENNSYLVANIA ATTORNEY GENERAL,** *et al.,* | : | |
| | : | |
| Respondents | : | |

# **M E M O R A N D U M**

## I.    Introduction

Petitioner, Jose A. Calix Chavarria, currently detained at the York County Prison in York, Pennsylvania, commenced this action with a *pro se* petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2254. (Doc. 1.) In accordance with *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000) (requiring district courts to provide notice to *pro se* habeas petitioners, before ruling on their petitions, of the implications of 28 U.S.C. § 2244(b)'s restrictions on filing additional applications), an order (Doc. 5) was issued advising Petitioner that: (1) he could have the document ruled on as filed, that is, as a § 2254 petition for writ of habeas corpus and heard as such, but lose his ability to file a second or successive petition absent certification by the court of appeals, or (2) withdraw his petition and file one, all-

inclusive § 2254 petition within the one-year statute of limitations period prescribed by 28 U.S.C. § 2244(d). Petitioner responded by submitting a Notice of Election (Doc. 6) in which he opted to withdraw his petition and file a new, all-inclusive petition under § 2254. Thereafter, Petitioner filed an amended petition (Doc. 7), and this court issued an order to show cause (Doc. 10) why the requested relief should not be granted. In response, Respondents move to dismiss the petition because the issues raised in the petition are procedurally defaulted. For the reasons that follow, the motion will be granted and the petition will be dismissed.

## II.   Background

The facts are undisputed. On August 26, 2002, Petitioner pled guilty in the Franklin County, Pennsylvania, Court of Common Pleas, to one count of delivery of marijuana in case number 681 of 2002 ("case # 681"), and one count of delivery of cocaine in case number 682 of 2002 ("case # 682"). As a result of the plea, on October 16, 2002, Petitioner was sentenced to a term of twenty-four months probation in case # 681, and he was sentenced to an intermediate punishment sentence of thirty-six months in case # 682, with three months work release, three months of electronic monitoring, and three months of intense supervision. Petitioner filed neither a post-sentence motion nor a direct appeal.

On April 17, 2003, Petitioner was found to be in violation of his probation and intermediate punishment, and he was re-sentenced on May 21, 2003. On March 11, 2004, Petitioner was again found to be in violation of his probation and his intermediate punishment, and he was re-sentenced on March 31, 2004.

On August 29, 2004, Petitioner filed a petition for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. § 9541, *et seq.* Petitioner was appointed counsel, and on November 8, 2004, Petitioner's PCRA counsel filed an amended petition. (Doc. 13, Ex. B.) The amended petition alleged ineffective assistance of trial counsel and a violation of the Vienna Convention. On March 2, 2005, the amended PCRA petition was dismissed without a hearing as untimely filed. (*Id.*, Ex. C.) Petitioner did not appeal dismissal of the amended PCRA petition. The instant petition ensued, claiming: (1) ineffective assistance of counsel, (2) violation of the Vienna Convention, and (3) violation of "American Bar Association Standards." (Doc. 7 at 1.) Respondents move to dismiss the petition, claiming that Petitioner has procedurally defaulted his issues. The court agrees.

### III. Discussion

Respondents claim that Petitioner has procedurally defaulted the issues set forth in his petition. "A federal court may not grant a writ of habeas corpus unless (1) 'the applicant has exhausted the remedies available in the courts of the state . . . .' "

3

*Henderson v. Frank*, 155 F.3d 159, 164 (3d Cir. 1998) (citing 28 U.S.C. § 2254(b)(1)). The exhaustion requirement is satisfied when the state courts have had an opportunity to review and correct alleged constitutional violations. *Evans v. Court of Common Pleas*, 959 F.2d 1227, 1230 (3d Cir. 1992). The exhaustion requirement is not a mere formality. It serves the interests of comity between the federal and state systems, by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. *Crews v. Horn*, 360 F.3d 146, 151 (3d Cir. 2004).

The habeas corpus petitioner bears the burden of establishing exhaustion of state court remedies. *McMahon v. Fulcomer*, 821 F.2d 934, 940 (3d Cir. 1987). The threshold inquiry in the exhaustion analysis is whether the claims asserted in the habeas corpus petition have been "fairly presented" to the state courts. *Picard v. Connor*, 404 U.S. 270, 275 (1971). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The exhaustion requirement is satisfied if the petitioner's claims are either presented to the state courts directly on appeal from the judgment of sentence, or through a collateral proceeding, such as a petition under the PCRA; however, it is not necessary to present federal claims to state courts *both* on direct

appeal *and* in a PCRA proceeding.  *Evans*, 959 F.2d at 1230-31; *Swanger v. Zimmerman*, 750 F.2d 291, 295 (3d Cir. 1984).

Applying these legal principles to the instant matter, the court concludes that Petitioner has failed to exhaust the issues set forth in his petition, because he has not presented the issues of the instant petition through the entire course of state review available to him.  Although Petitioner raised the instant issues in the amended PCRA petition, the state court dismissed the petition as untimely and Petitioner failed to file a direct appeal.  Thus, the court finds that Petitioner failed to fairly present his federal Constitutional claims for state court review.  *Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000).  Therefore, the issues in the instant petition are unexhausted.

If Petitioner could still present his unexhausted federal claims to the state courts, the instant petition would be dismissed without prejudice so that he could pursue these claims through a new PCRA petition.  However, the time for presenting the issues to the state court in another PCRA petition has expired.  *See* 42 Pa. Cons. Stat. Ann. § 9545(b)(1).  Moreover, the Pennsylvania state courts have made it clear that the time limitations set forth in the PCRA are jurisdictional. *Commonwealth v. Fahy*, 737 A.2d 214 (1999); *Commonwealth v. Banks*, 726 A.2d 374, 376 (1999); *Commonwealth v. Peterkin*, 722 A.2d 638, 641 (1998).  "Unlike a statute of limitations, a jurisdictional time limitation is not subject to equitable principles such

5

as tolling except as provided by statute. Thus, the filing period is only extended as permitted; in the case of the PCRA, the time limitations are only extended upon satisfaction of the exceptions found in § 9545(b)(1)(i)-(iii). . . ." *Fahy*, 737 A.2d at 222. Therefore, an otherwise untimely petition may nevertheless be considered only if the petition alleges, and the petitioner proves, that:

> (i) The failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) The facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) The right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time provided in this section has been held by that court to apply retroactively.

42 Pa. Cons. Stat. Ann. § 9545(b)(1)(i)-(iii). Petitioner has not raised and proven any of the enumerated grounds, and the court is unaware of any that would be available to Petitioner.

With respect to such circumstances, the Third Circuit has provided:

> When a claim is not exhausted because it has not been "fairly presented" to the state courts, but state procedural rules bar the applicant from seeking further relief in state

6

>courts, the exhaustion requirement is satisfied because there is "an absence of available State corrective process." 28 U.S.C. §2254(b). In such cases, however, applicants are considered to have procedurally defaulted their claims, and federal courts may not consider the merits of such claims unless the applicant establishes "cause and prejudice" or a "fundamental miscarriage of justice" to excuse his or her default.

*McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999) (internal citations omitted); *see also Wenger v. Frank*, 266 F.3d 218, 224 (3d Cir. 2001). Petitioner has neither alleged cause or prejudice,[1] nor demonstrated that a lack of review by the court will constitute a fundamental miscarriage of justice in regard to issues in this case.[2] Consequently, Petitioner is precluded from pursuing federal habeas corpus relief on the instant issues, and the petition will be dismissed.

---

[1] To show "cause," Petitioner must demonstrate some objective factor external to the defense that prevented compliance with the state's procedural requirements. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Caswell v. Ryan*, 953 F.2d 853, 862 (3d Cir. 1992). "Prejudice" will be satisfied if the habeas petitioner shows that the outcome was "unreliable or fundamentally unfair" as a result of a violation of federal law. *See Lockhart v. Fretwell*, 506 U.S. 364, 366 (1993); *Coleman*, 501 U.S. at 750.

[2] In order to demonstrate a "fundamental miscarriage of justice," Petitioner must show that he is actually innocent of the crime by presenting new evidence of innocence. *Schlup v. Delo*, 513 U.S. 298 (1995).

## IV. <u>Conclusion</u>

Respondents' motion to dismiss the habeas petition will be granted as the Petitioner has procedurally defaulted on his claims. An appropriate order will issue.

s/Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated: March 22, 2006.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSE A. CALIX CHAVARRIA,** | : | |
| | : | |
| **Petitioner** | : | **CIVIL NO. 1:CV-05-0500** |
| | : | |
| v. | : | (**Judge Rambo**) |
| | : | |
| **PENNSYLVANIA ATTORNEY GENERAL,** *et al.,* | : : | |
| | : | |
| **Respondents** | : | |

# O R D E R

In accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

      1) Respondents' motion to dismiss the amended habeas petition (Doc. 13) is **GRANTED**, and the amended petition for writ of habeas corpus (Doc. 7) is **DISMISSED.**

      2) The Clerk of Court is directed to **CLOSE** this case.

      3) There exists no basis for the issuance of a Certificate of Appealability.

                                            s/Sylvia H. Rambo
                                            SYLVIA H. RAMBO
                                            United States District Judge

Dated: March 22, 2006.